# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KAREN R. EARLE , | DOCKET NUMBER |
| Appellant, | DC-0752-15-0811-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 19, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carteia V. Basnight, Hampton, Virginia, for the appellant.

Timothy M. O'Boyle, Esquire, Hampton, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her appeal with prejudice for failure to prosecute. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      On June 1, 2015, the appellant filed an appeal of the agency's decision removing her from her GS-9 Contract Specialist Position for failure to follow instructions and conduct unbecoming of a Federal employee. Initial Appeal File (IAF), Tab 1; Tab 5 at 9, 12-14. The appellant alleged, among other things, that she was subjected to a hostile work environment, given assignments in an unreasonable manner, denied a fair opportunity to perform her duties, and retaliated against for prior equal employment opportunity (EEO) activity. IAF, Tab 1 at 8. The administrative judge afforded the appellant several opportunities to submit evidence, attend prehearing conferences, and otherwise argue the appeal. IAF, Tab 7 at 1, 3; Tab 9; Tab 11, Initial Decision (ID). However, the administrative judge ultimately dismissed the appeal for failure to prosecute due to the appellant's failure to respond to at least three orders. ID. The initial decision notified the appellant of how to properly file a petition for review and specifically stated that it would become final on March 4, 2016, unless a petition for review was filed by that date. ID at 3-4.

¶3      On March 14, 2016, the appellant, through her attorney, filed a petition for review, which listed numerous reasons for her failure to prosecute the original appeal, including her attorney's serious injury on November 16, 2015, which required medical treatment, and the death or serious illnesses of several family members of her attorney.[2] Petition for Review (PFR) File, Tab 1 at 4-6. In a March 22, 2016 notice, the Clerk of the Board informed the appellant that her petition for review was untimely filed because it was not filed on or before March

---

[2] The appellant filed her petition for review by facsimile transmittal. The pleading bears a facsimile transmittal machine imprinted date of March 14, 2016. PFR File, Tab 1 at 4. The pleading also bears a stamp indicating that it was received by the Clerk of the Board at 7:53 a.m. on March 15, 2016. The Board's regulations provide that the filing date of a pleading served by facsimile transmittal is the date of the facsimile. 5 C.F.R. § 1201.11(1). Thus, we will consider March 14, 2016, as the filing date.

4, 2016. PFR File, Tab 2 at 1. The Clerk's notice informed the appellant that she could file a motion signed under penalty of perjury or an affidavit showing either that the petition was timely filed or that good cause existed to waive the filing deadline. *Id.* In response, the appellant filed a motion to waive the deadline for good cause, and the agency filed a response to the motion. PFR File, Tab 3 at 2-4; Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. §1201.114(e). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition for review. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5 The appellant's petition for review was due on March 4, 2016, and her untimely petition was filed on March 14, 2016. ID at 3; PFR File, Tab 1. In her motion to waive the deadline, the appellant's counsel alleged that in the process of reviewing emails on March 9, she looked at an email dated January 29, 2016, which informed her that the initial decision was available in the e-Appeal Repository. PFR File, Tab 3 at 4. She claimed to have experienced technical

difficulties in accessing the system on March 9, which were resolved by the Board's Technical Support staff. *Id*. at 4, 8. However, this does not change the determinative fact that she received the initial decision on January 29, 2016, but chose not review it until March 9, 2016. *Id.*

¶6 Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. 5 C.F.R. §1201.14(m)(2). When a statute or regulation "deems" something to be done or to have been done, the event is considered to have occurred whether or not it actually did. *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006). Notice of the initial decision was served on the parties electronically on January 29, 2016, and the appellant's counsel admitted to receiving that email and to not attempting to open the initial decision in the e-Appeal Repository until March 9, 2016. ID at 9; PFR File, Tab 3 at 4. If there was a technical problem with the appellant's counsel's e-Appeal access, it should have been identified and addressed within the 35 day time period for filing a petition for review. The appellant's counsel has not alleged any misfortune during the filing period that interfered with her ability to review the initial decision or file the petition for review. PFR File, Tab 3. Counsel's many listed problems occurred on or before November 16, 2015, and she has not explained any continuing impact that they had on her ability to file a petition for review several months later. PFR File, Tab 3 at 3-4. Therefore, we conclude that the appellant has not demonstrated good cause to waive the filing deadline.[3]

---

[3] Although the appellant was represented by an attorney, and it is the attorney's actions that we are considering, absent unusual circumstances not present here, an appellant is responsible for the errors of her chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981); *see Murphy v. Department of the Treasury*, 91 M.S.P.R. 239, ¶ 7 (2002), *aff'd*, 85 F. App'x 729 (Fed. Cir. 2003).

¶7    As noted, in evaluating whether good cause exists for an untimely petition for review, the length of delay, the reasonableness of the excuse, whether the appellant is pro se, and considerations beyond the appellant's control that interfere with a timely filing are relevant. *Moorman*, 68 M.S.P.R. at 62-63. The appellant's delay of 9 days, while not a vast amount of time, is not a de minimis period either. *See Hodges v. Office of Personnel Management*, 101 M.S.P.R. 212, ¶ 14 (2006) (holding that an appellant's 23-day refiling delay was "not particularly de minimis . . . [and] not particularly lengthy"); *Bailey v. U.S. Postal Service*, 85 M.S.P.R. 105, ¶¶ 2, 4-6 (2000) (finding that an appellant did not show good cause for his 4-day delay in refiling an appeal). Furthermore, the appellant failed to allege any circumstances beyond her control that prevented her from filing on time, she was represented by counsel, and she did not provide any reasonable explanations for the delay. These combined factors make the delay inexcusable.

¶8    Therefore, the Board finds the petition for review to be untimely filed without good cause shown. Accordingly, we dismiss the petition for review.

¶9    This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.